NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1971-15T2

PETER SAVOIA,

 Plaintiff-Appellant,

v.

HEALING HEARTS and TOWNSHIP
OF OCEAN,

 Defendants-Respondents.

______________________________

 Submitted April 25, 2017 – Decided May 16, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County, Docket
 No. L-4880-14.

 Nieschmidt Law Office, attorneys for appellant
 (Michael H. Nieschmidt, on the brief).

 Schwartz & Posnock, attorneys for respondents
 (David A. Schwartz, on the brief).

PER CURIAM

 Plaintiff appeals from a December 3, 2015 order dismissing

his tort-based amended complaint (the tort case) against
defendants Healing Hearts and Ocean County, for failure to state

a claim. R. 4:6-2(e). We affirm.

 We glean from the amended complaint that plaintiff's claims

relate to ongoing divorce litigation in which there is a dispute

over custody and visitation. In his amended complaint in the tort

case, plaintiff asserted that, as part of the divorce case, the

Family Part referred defendant and his family to Healing Hearts,

a social services agency. Plaintiff asserted that Healing Hearts

wrongfully declined to provide reunification services and instead

made a referral to the Division of Child Protection and Permanency

(Division).1 Judge Katie A. Gummer dismissed plaintiff's tort

claims for failure to file a timely Tort Claims Act notice against

Ocean County and Healing Hearts, which plaintiff's complaint

alleged was a County "affiliate and/or Department." See N.J.S.A.

59:8-3, -8. The judge dismissed plaintiff's New Jersey Civil

Rights Act claim, N.J.S.A. 10:6-2, because Title 9 affords immunity

to a person or entity that makes a good faith referral to the

Division, N.J.S.A. 9:6-8.13, and because plaintiff did not

identify any independent substantive or due process right that

defendants allegedly violated.

1
 The complaint did not assert that Healing Hearts made the
referral in bad faith, but only that its actions were negligent.

 2 A-1971-15T2
 Having reviewed the record in light of the applicable legal

standards, we conclude that Judge Gummer's decision was correct,

and we affirm for the reasons she stated in her comprehensive

opinion issued on December 3, 2015. Plaintiff's appellate

arguments are without sufficient merit to warrant further

discussion here. R. 2:11-3(e)(1)(E).

 Affirmed.

 3 A-1971-15T2